AARON D. FORD
   Attorney General
Jessica E. Whelan (Nevada Bar No. 14781)
   Chief Deputy Solicitor General - Litigation
Kyle J. Hoyt (Bar No. 14886)
   Senior Deputy Attorney General
State of Nevada, Office of the Attorney General
1 State of Nevada Way, Suite 100
Las Vegas, NV 89119
(702) 486-3420 (phone)
(702) 486-3768 (fax)
jwhelan@ag.nv.gov
khoyt@ag.nv.gov

*Attorneys for Aaron D. Ford,*
*Attorney General for the State of Nevada*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| GREATER LAS VEGAS SHORT-TERM RENTAL ASSOCIATION; JACQUELINE FLORES; LOUIS KOORNDYK; ESTRELITA KOORNDYK; HAAN'S PROPERTIES LLC; LK'S PROPERTIES LLC; THOMAS M. MCKANNON, DEBRA HANSEN; JOHN HANSEN, TROY UEHLING; PHILIP JOHNSON; SAMUEL HANKINS; LISA HANKINS; 5402 PALM MESA LLC; and AIRBNB, INC.;<br><br>Plaintiffs,<br><br>vs.<br><br>CLARK COUNTY, a political subdivision of the State of Nevada, and AARON D. FORD, in his official capacity as Attorney General for the State of Nevada,<br><br>Defendants. | Case No. 2:25-cv-01173-MMD-BNW<br><br>**DEFENDANT AARON D. FORD'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT** |

Defendant Aaron D. Ford, in his official capacity as Attorney General for the State of Nevada ("Defendant State") hereby files this Motion to Dismiss Plaintiffs' First Amended Complaint. (ECF No. 14).

## INTRODUCTION

Plaintiffs' First Amended Complaint must be dismissed on multiple grounds. First, Airbnb improperly asserts multiple claims of property right violations where it does not allege it has a property right. Second, multiple Plaintiffs lack standing for various issues with merely speculating they could have an injury at some unknown point and/or because their injuries are not fairly traceable to Defendant State. Third, Counts I, II, and V seek monetary relief, which cannot be recovered in a 42 U.S.C. § 1983 claim against a state official sued in their official capacity.

## ARGUMENT

### I. Plaintiffs Lack Standing to Challenge AB 363

A plaintiff must have standing to sue in federal court. *Lujan v. Defenders of Wildlife*, 504 U.S. 555 (1992). Plaintiffs bear the burden to establish standing. *Id.* at 561 (citations omitted). To establish standing, a plaintiff must show (1) injury in fact, (2) a causal connection fairly traceable to the defendant's action, and (3) that the injury is redressable by a favorable decision. *Id.* at 560–61. (citations and quotations omitted). The injury must be "concrete and particularized[.]" *Id.* at 560 (citations omitted). The injury must also be "actual or imminent, not 'conjectural' or 'hypothetical[.]'" *Id.* (quoting *Whitmore v. Arkansas*, 495 U.S. 149, 115 (1990) (quoting *Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983)). Plaintiffs' First Amended Complaint has numerous standing issues which do not permit the case to proceed against Defendant State, and thus those claims must be dismissed.

#### A. Plaintiff Airbnb Lacks Standing to Assert Property Claims Because It Does Not Allege a Property Right

Airbnb, Inc. ("Airbnb") is an online service for listing property rentals. ECF No. 14, p. 21, ¶¶ 58–59. Airbnb does not allege in this suit that it owns property or otherwise has a property right that is impacted by AB 363. *See generally, id.* Airbnb thus lacks standing to bring claims against Defendant State for the potential property rights of other plaintiffs.

/ / /

/ / /

Specifically, Airbnb cannot bring the following claims:

- Count I – Per Se Taking of Property Without Just Compensation (U.S. Const. amends. V, XIV; 42 U.S.C. § 1983); ECF No. 14, pp. 51–56;
- Count II – Regulatory Taking (U.S. Const. amends. V, XIV; 42 U.S.C. § 1983); ECF No. 14, pp. 56–58;
- Count V – Per Se Taking of Property Without Just Compensation (U.S. Const. amends. V, XIV; 42 U.S.C. § 1983); ECF No. 14, pp. 61–63;
- Count VI – Violation of the Fundamental Right to Lease (U.S. Const. amend. XIV; 42 U.S.C. § 1983); ECF No. 14, pp. 63–66;
- Count X – Arbitrary and Irrational Restriction on Liberty Interests (U.S. Const. amend. XIV; 42 U.S.C. § 1983); ECF No. 14, pp. 72–74;
- Count XII – Unlawful Warrantless Searches (U.S. Const. amends. IV, XIV; 42 U.S.C. § 1983); ECF No. 14, pp. 75–77;
- Count XIV – Equal Protection Violation (U.S. Const. amend. XIV; 42 U.S.C. § 1983); ECF No. 14, pp. 78–82;
- Count XV – Equal Protection Violation (Art. 4, § 21 of the Nev. Const.); ECF No. 14, pp. 82–83.

Each of these causes of action relate to an alleged property right. The allegations within the causes of action are clear that various portions of the challenged laws are questioned because they interfere with the alleged right of other plaintiffs to engage in short-term leasing of their property without regulation. There is no allegation in this case that Airbnb owns property or seeks to lease it. Airbnb does not have an injury in fact with respect to these causes of action because it has no alleged property right that is being infringed. Similarly, Airbnb has not connected any purported injury to Defendant State with respect to these claims. Further, Airbnb cannot demonstrate that if it received a favorable decision from the court, any purported right would change. Airbnb plainly lacks standing to assert the following actions and those claims should be foreclosed.

### B. Plaintiff Johnson and Plaintiff 5402 Palm Mesa, LLC Lack Standing Because Neither Own Property

For whatever reason, Plaintiff Philip Johnson ("Johnson") and Plaintiff 5402 Palm Mesa, LLC ("Palm Mesa") filed suit asserting property rights that neither have. Palm Mesa allegedly became the owner of a Clark County property purchased in January 2022 by Plaintiff Philip Johnson. ECF No. 14, pp. 18–19, ¶¶ 51–52. Johnson alleges that he then sought a permit and that he and Palm Mesa both received fines. *Id.* at pp. 19–20, ¶¶ 53–56. Apparently, those Plaintiffs appeal the fines. *Id.* Plaintiffs omit that on June 24, 2025, Plaintiff Johnson, acting as Palm Mesa's Manager, conveyed the Palm Mesa property to non-party Prayers LLC.[1] Four days later, Johnson and Palm Mesa filed suit alleging property rights. ECF No. 1. Despite the property transfer, Johnson and Palm Mesa continue to assert ongoing property rights and again alleged ownership upon filing the First Amended Complaint on August 8, 2025. ECF No. 14.

Nevada law separates the legal liabilities and responsibilities of an LLC and its members. *See Gardner v. Henderson Water Park, LLC*, 133 Nev. 391, 392 (2017). Thus, during the entirety of this action, Plaintiff Johnson and Plaintiff Palm Mesa have not been the owners of the property to which they claim an interest. For similar reasons above as to Airbnb (see Sec. I.A., *supra*) Plaintiff Johnson and Plaintiff Palm Mesa lack standing and/or are not the parties in real interest to assert ongoing claims of property rights somehow impacted by AB 363.

### C. Plaintiff Flores Asserts Speculative Injuries Because She Merely "Fears" Losing Her License

Plaintiff Flores allegedly obtained a short-term rental license and operates her short-term rental business. ECF No. 14, pp. 10–11, ¶¶ 25–28. She makes undetailed allegations that she "lives in fear that the County will rescind her short-term rental license pursuant to any number of the burdensome provisions imposed by the County and State." *Id.*, p. 11,

---

[1] *See* Grant, Bargain, Sale Deed, attached hereto as **Exhibit "A"** and accompanying declaration of counsel.

¶ 27. She also "lives under the threat of random warrantless searches" due to the challenged laws. *Id.* Plaintiff Flores' unspecified injuries do not permit standing. *See Greater Las Vegas Short Term Rental Association v. Clark County*, 555 P.3d 265, 2024 WL 3934611, at *2–3 (Nev. 2024) (unpublished disposition) (finding GLVSTRA and Flores did not have standing because there was no imminent injury and redressability cannot be found where harm is speculative) (applying *Lujan*, 504 US at 561).[2] Here, Plaintiff Flores' "fears" of an injury are merely speculative; she does not allege that any threat to her license renewal has occurred. She does not allege any noticed or threatened inspections. Thus, she does not have a particularized, concrete injury, nor is such redressable to actions by Defendant State or AB 363. In fact, she does not allege any conduct of Defendant State. This fails to establish standing against Defendant State.

### D. Multiple Plaintiffs Lack Standing as Their Applications Are Pending

Multiple Plaintiffs, including the Koorndyk Plaintiffs and LK's Properties LLC (ECF No. 14, pp. 12–14, ¶¶ 29–38), the Hansen Plaintiffs (pp. 15–16, ¶¶ 42–44), and Plaintiff Johnson/Palm Mesa (pp. 18–20, ¶¶ 51–56) all allege pending applications with Clark County for licensure. Plaintiffs do not have an imminent, concrete harm to point to, they only speculate as to the potential that their licenses could be denied. This is not sufficient to establish an injury in fact. Moreover, the alleged harm cannot be redressed because it is not against Defendant State or AB 363 because Plaintiffs allege that the application is pending with Clark County, not with Defendant State. Thus, no standing can be found at these stages of proceedings.

### II. Counts I, II, and V and Improper Claims for Monetary Relief

Plaintiffs sue Aaron D. Ford in his official capacity as the Attorney General for the State of Nevada. ECF No. 14, p. 22, ¶ 61. Count I alleges a claim of "Per Se Taking of Property Without Just Compensation" in violation of the Fifth and Fourteenth

---

[2] Although in those proceedings Plaintiff Flores had not yet applied for a license, there is even less of a claim existing today. Flores was previously "intimidated" by the application requirements. *Id.* at *2. Now, her harm has shifted from (apparently unfounded) pre-application intimidation to post-license "fear."

Amendments via 42 U.S.C. § 1983. ECF No. 14, pp. 51–56, ¶¶ 143–159. Plaintiffs assert that "Defendants therefore have a categorical duty to provide just compensation to Plaintiffs." *Id.*, p. 56, ¶ 159. Count II alleges a claim of "Regulatory Taking" in violation of the Fifth and Fourteenth Amendments via 42 U.S.C. § 1983. *Id.*, pp. 56–58, ¶¶ 160–166. Again, Plaintiffs assert that "Defendants have thus effected a regulatory taking . . . for which Plaintiffs are entitled to an award of just compensation." *Id.*, p. 58, ¶ 165. Count V also asserts a claim of "Per Se Taking of Property Without Just Compensation" in violation of the Fifth and Fourteenth Amendments via 42 U.S.C. § 1983. *Id.*, pp. 61–63; ¶¶ 176–183. Plaintiffs again demand "an award of just compensation under the Takings Clause." *Id.* Plaintiffs cannot obtain an award of monetary damages against a state official sued in their official capacity under § 1983, and thus these claims must be dismissed.

"Traditionally, the requirements for relief under [§] 1983 have been articulated as: (1) a violation of rights protected by the Constitution or created by federal statute, (2) proximately caused (3) by conduct of a 'person' (4) acting under color of state law." *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). State officials, when sued in their official capacity for damages, are not persons for purposes of § 1983. *See Arizonans for Official English v. Arizona*, 520 U.S. 43, 69 n.24 (1997; *Hafer v. Melo*, 502 U.S. 21, 27 (1991); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Cornel v. Hawai'i,* 37 F.4th 527, 531 (9th Cir. 2022) ("Cornel cannot seek damages from Hawai'i and the parole office because they are not 'persons' under § 1983."); *Flint v. Dennison*, 488 F.3d 816, 824–25 (9th Cir. 2007); *Doe v. Lawrence Livermore Nat'l Lab'y*, 131 F.3d 836, 839 (9th Cir. 1997); *Aguon v. Commonwealth Ports Auth.*, 316 F.3d 899, 901 (9th Cir. 2003); *DeNieva v. Reyes*, 966 F.2d 480, 483 (9th Cir. 1992). Instead, when sued in their official capacity role, state officials are merely an alternative method of pleading against the entity itself. *See Lewis v. Clarke*, 581 U.S. 155, 162 (2017) ("In an official-capacity claim, the relief sought is only nominally against the official and in fact is against the official's office and thus the sovereign itself.") (internal citations omitted).

Here, Plaintiffs clearly seek monetary compensation through their § 1983 claims against Attorney General Ford. Under clear Supreme Court and Ninth Circuit precedent, no such compensation can be awarded against a state official sued in his official capacity. Thus, these claims must be dismissed.

## CONCLUSION

For the foregoing reasons, Defendant State asks that the court dismiss Plaintiffs' First Amended Complaint.

DATED this 22nd day of August, 2025.

AARON D. FORD
Attorney General

By: */s/Kyle J. Hoyt*
Jessica E. Whelan (Nevada Bar No. 14781)
  Chief Deputy Solicitor General - Litigation
Kyle J. Hoyt (Bar No. 14886)
  Senior Deputy Attorney General
State of Nevada, Office of the Attorney General
1 State of Nevada Way, Suite 100
Las Vegas, NV 89119
(702) 486-3420 (phone)
(702) 486-3768 (fax)
jwhelan@ag.nv.gov
khoyt@ag.nv.gov

*Attorneys for Aaron D. Ford, Attorney General for the State of Nevada*

**CERTIFICATE OF SERVICE**

I certify that I am an employee of the Office of the Attorney General, State of Nevada, and that on August 22, 2025, I filed the foregoing document via this Court's electronic filing system. Parties that are registered with this Court's EFS will be served electronically. The following parties are not registered and therefore, a prepaid postage copy of this document has been placed in the U.S. mail.

Mark A. Hutchison, Esq.
Shannon R,. Wilson, Esq.
Ramez Ghally, Esq.
Hutchison & Steffen, PLLC
Peccole Professional Park
10080 West Alta Drive, Suite 200
Las Vegas, NV 89145

*Attorneys for Plaintiffs*

Paul D. Clement, Esq.
*(Pro Hac Vice Pending)*
Clement & Murphy, PLLC
706 Duke Street
Alexandria, VA 22314

*Attorneys for Plaintiffs*

/s/ *R. Carreau*
An employee of the Office of the
Nevada Attorney General