STEVEN B. WOLFSON
District Attorney
**CIVIL DIVISION**
State Bar No. 001565
By:  TIMOTHY J. ALLEN
Deputy District Attorney
State Bar No. 14818
500 South Grand Central Pkwy.
Las Vegas, Nevada 89155-2215
(702) 455-4761
Fax (702) 382-5178
E-Mail:  Timothy.Allen@ClarkCountyDANV.gov
Attorneys for Defendant
CLARK COUNTY

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

GREATER LAS VEGAS SHORT-TERM
RENTAL ASSOCIATION; JACQUELINE
FLORES; LOUIS KOORNDYK; ESTRELITA
KOORNDYK; HAAN'S PROPERTIES LLC;
LK'S PROPERTIES LLC; THOMAS M.
MCKANNON, DEBRA HANSEN; JOHN
HANSEN; TROY UEHLING; PHILIP
JOHNSON; SAMUEL HANKINS; LISA
HANKINS; 5402 PALM MESA LLC; and
AIRBNB, INC.

          Plaintiffs,

      vs.

CLARK COUNTY, a Subdivision of the State of
Nevada; and AARON D. FORD, in his official
capacity as Attorney General for the State of
Nevada,

          Defendants.

Case No: 2:25-cv-01173-MMD-BNW

**OPPOSITION TO MOTION FOR
JOINDER UNDER FRCP 20(a)(1) (ECF
# 30)**

COMES NOW, Defendant CLARK COUNTY, a political subdivision of the State of Nevada (hereinafter "Defendant") through District Attorney STEVEN B. WOLFSON, by Deputy District Attorney Timothy Allen, and hereby opposes non-party Bentley Pham's Motion for Joinder Under FRCP 20(a)(1) (ECF #30) (hereinafter "Motion"):

/ / /

/ / /

/ / /

1    I.    **FACTUAL BACKGROUND**

2         Bentley Pham is a resident of Matthews North Carolina, he currently owns and lives at 214

3    Meadowbrook Dr, Matthews NC.  On March 4, 2022, Mr. Pham purchased a home in Las Vegas at

4    3245 Mountain Spring Road. According to Mr. Pham's publicly recorded mortgage for 3245

5    Mountain Spring Road (instrument number 202203040001978), Mr. Pham agreed that he would

6    occupy the Las Vegas property as his principal residence for at least a year. However, Clark County

7    Treasure indicates that his property is not taxed as a primary residence because his primary

8    residence is in North Carolina. Further, in October of 2022, Mr. Pham's neighbors began

9    complaining to Clark County regarding loud parties late at night, claiming that the property was

10   being operated as a short-term rental. Exhibit A: Case History CE22-27898.

11        Clark County found an advertisement for the property as a short-term rental. It had five past

12   reviews indicating it had been used as a short-term rental before. Exhibit A; Exhibit B. Mr. Pham

13   apparently was not living at the Las Vegas property as his primary residence because he was renting

14   out the entire house on Airbnb, rather than just a bedroom. Exhibit B. The earliest review was left in

15   September of 2022. Exhibit B. Mr. Pham was renting out the property for a two-night minimum for

16   $500.00 per night, plus a cleaning fee of $200.00 and a service fee of $169.00. Exhibit B.

17        On November 26, 2022, Clark County issued, mailed and posted a Notice of Abatement,

18   which told Mr. Pham that he would need to stop the illegal short-term rentals at this property and

19   remove the short-term rental advertisement because it was a violation of the Clark County Code.

20   Exhibit A; Exhibit C. The Notice of Abatement says that Mr. Pham would be fined $1,000.00 per

21   day and that any unpaid fines will become a special assessment that will be placed on the tax roll.

22   Exhibit C. The Notice of Abatement also says that Mr. Pham could appeal the Notice of Abatement

23   if he disagreed with it. Exhibit C. This Notice of Abatement was mailed to Mr. Pham at 214

24   Meadowbrook Dr., Matthews, NC because that is the address he provided to Clark County in order

25   to receive his property tax bills. Exhibit C. Mr. Pham has claimed 214 Meadowbrook Dr. as his

26   primary address from 2022 to the present on the Clark County Treasurer's website. Mr. Pham did

27   not appeal the Notice of Abatement. Exhibit A.

28

On November 29, 2022, three days after being issued the Notice of Abatement, Mr. Pham submitted a pre-application for a short-term rental in Clark County. Declaration of Bentley Pham (ECF #30-1). However, Mr. Pham did not comply with the Notice of Abatement. On January 27, 2023, Clark County observed that Mr. Pham was still advertising a short-term rental for the property and issued a fine for $1,000.00 for the illegal advertisement. Exhibit A; Exhibit D. The Administrative Citation was again sent to Mr. Pham and told him that he could appeal the citation and if he did not, a special assessment for the unpaid fine could be placed on the tax roll. Exhibit D. Mr. Pham did not appeal the administrative citation. Exhibit A.

On March 10, 2023, Clark County viewed Mr. Pham's short-term rental advertisement had changed from a 2-night minimum to a 31-night minimum, which is compliant with the Clark County Code. Exhibit A. However, on April 6, 2023, the advertisement was changed back to a 2-night minimum. Exhibit A. On August 18, 2023, Clark County inspected the property and made contact with three adult males who said they had rented the property on Airbnb for five nights, so Clark County issued a second administrative citation for $1,350.00. Exhibit A. Mr. Pham did not appeal the second administrative citation. Exhibit A.

On September 29, 2023, Clark County submitted a subpoena to Airbnb for short-term rental records for the property. Exhibit A. Airbnb provided records showing that the property had been illegally short-term rented a total of 116 nights. Exhibit A. Clark County issued a third administrative citation for a total of $58,000.00, $500.00 per night. Exhibit A. Mr. Pham did not appeal this administrative citation. Exhibit A.

On November 25, 2023, Clark County inspected the property and made contact with six adults who said they rented the property for seven nights, so a fourth administrative citation for a total of $3,500.00 was issued, but again not appealed. Exhibit A.

On November 30, 2023, Mr. Pham's attorney contacted Clark County and asked if he could get a reduction in the $58,000.00 fine. Exhibit A. However, Mr. Pham and his attorney failed to timely appeal the $58,000.00 fine and they did not seek an extension till November 27, 2023, after the time to appeal had already passed. Exhibit A. The administrative citations provide that recipients have five days to ask for an appeal pursuant to Clark County Code 1.14.030. Exhibit D.

1    On January 9, 2024, the short-term rental advertisement was found to have been removed, so

2    Clark County closed the case. Exhibit A. On January 30, 2024, Clark County mailed final notice for

3    a total of $61,700.00 which was all of the outstanding fines and service fees. Exhibit A. Mr. Pham

4    had paid the first two administrative fines on March 2, 2023 and August 31, 2023. Exhibit A.

5    On March 25, 2025, Mr. Pham's short-term rental business license was denied because he

6    was within 1,000 feet of a property that had been granted a business license. Pham Exhibit 4 (ECF #

7    30-5). Mr. Pham was randomly assigned a number after the pre-application period closed in

8    accordance with CCC 7.100.100(g). This random number method was used so that people would not

9    have to line up in person to compete to submit their license first. Who applies first is important

10    because if someone in line before you get approved first and their house is within 1,000 feet of your

11    house, you are no longer eligible to receive a license. This 1,000-foot rule is allowed by statute and

12    used by other jurisdictions to prevent neighborhoods from turning into a majority of short-term

13    rentals and especially harming the few remaining long-term residents. NRS 244.353545(2)(f)(1).

14    Mr. Pham appealed the denial of his business license, but the denial was upheld by the Hearing

15    Officer on May 21, 2025. Pham Exhibit 6 (ECF # 30-7). Mr. Pham has apparently not sought

16    judicial review of the Hearing Officer's decision as is allowed by Clark County Code

17    7.100.240(b)(3).

18    On August 21, 2025, Bentley Pham filed the instant motion asking to join this litigation. Mr.

19    Pham says that he wants to challenge the short-term rental licensing lottery, the 1,000-foot spacing

20    rule, the 2,500-foot hotel buffer, the warrantless-search provisions and fine/appeal practices.

21    However, Mr. Pham's license was only denied based on the 1,000-foot spacing requirement and

22    because he was in line behind someone who had their license granted.  There is no evidence that his

23    property is within 2,500 feet of a resort hotel, that his property was ever searched or that he was

24    denied a chance to appeal any of his fines. Mr. Pham claims he should be joined as a party because

25    his claims arise out of the same occurrence and there are common questions of law.

26    **II.    <u>JOINDER IS NOT PROPER</u>**

27    Mr. Pham apparently believes he was injured because Clark County took too long to deny his

28    license. However, Clark County processed the applications of all of the people in-line in front of Mr.

1   Pham and told him his license was denied when someone within 1,000 feet of his property was

2   approved. Clark County could not have provided Mr. Pham with sooner notice because Clark

3   County does not know which applications are going to get approved until they pass all of the

4   conditions of approval such as passing a fire safety inspection and providing proof of insurance.

5   Everyone that applied for a license knew this was a possibility. Mr. Pham does not have a right to

6   cut in line and have his application processed first. The random number assigned to his application

7   was a fair way to decide the processing order. Further, Mr. Pham does not have the right to operate a

8   short-term rental as his application is pending. Mr. Pham apparently thought the fines were worth

9   making the extra short-term rental income, rather than renting to a long-term tenant, so he made a

10  business decision to continue to operate even though he knew more fines could be issued. He

11  decided to violate the law more than 100 times at the expense of causing nuisances for his neighbors,

12  but he was caught and now has to pay the price. Mr. Pham has no legitimate claims against Clark

13  County because operating an illegal short-term rental is not a property right.

14          Mr. Pham's motion mentions FRCP 20, but nowhere does Mr. Pham even acknowledge that

15  FRCP 20 is entitled the "Permissive Joinder of Parties." Clearly, the Court has broad discretion to

16  deny motions for permissive joinder because they are not necessary parties. *Coleman v. Quaker Oats*

17  *Co.*, 232 F.3d 1271, 1296 (9th Cir. 2000) (even if the requirements of FRCP 20 are met, a district

18  court must examine whether permissive joinder would comport with the principles of fundamental

19  fairness or would result in prejudice to either side.). GLVSTRA and AIRBNB already claim to be

20  representing everyone in Clark County and even asked this Court to enjoin all of Clark County's

21  laws for everyone including for Mr. Pham. So, it seems Mr. Pham's interests are already adequately

22  represented in this case. Adding Mr. Pham as a Plaintiff in this case would only serve to complicate

23  discovery, complicate trial and provide no benefit to him. Plaintiffs are already represented by what

24  appears to be three or four large prestigious law firms and have multiple lawyers arguing at hearings.

25  It is already questionable as to why GLVSTRA and AIRBNB have even filed suit together since

26  they are challenging totally separate sections of the Clark County Code. GLVSTRA is challenging

27  CCC 7.100, which applies to homeowners, and AIRBNB is challenging CCC 7.110, which applies

28

1   to accommodation facilitators. If anything, these parties should be severed. Adding another Plaintiff

2   and his lawyer to this already crowded case would be fundamentally unfair to Clark County.

3          Further, Mr. Pham's claims do not arise out of the same occurrence. GLVSTRA and

4   AIRBNB are challenging the law facially and as applied to several specifically named Plaintiffs.

5   These individually named Plaintiffs each have separate facts and alleged injuries that stem from

6   different occurrences. This indicates it would probably be fairer to separate these individually named

7   Plaintiffs who have alleged injuries from different factual occurrences. It seems like the only

8   occurrence that is in common is the passing of the ordinance, which would only allow for a facial

9   challenge, rather than the as-applied challenge brought by Plaintiffs. Likewise, Mr. Pham had his

10  business license denied in an administrative hearing that only involved him and his appeal.  None of

11  the other GLVSTRA members were part of that decision. Further, Mr. Pham was fined by Clark

12  County Code Enforcement under an investigation into his property alone and the fines issued to him

13  do not apply to any other GLVSTRA member. If Mr. Pham is added to this case, there are many

14  different factual occurrences that will need to be made part of the record in this case so there can be

15  additional discovery on those specific occurrences. Thus, FRCP 20 does not allow permissive

16  joinder for Mr. Pham's claims because while two of his claims are similar to Plaintiffs' they arose

17  from a different occurrence.

18         This is also a problem with Plaintiffs' lawsuit itself. Each named Plaintiff will have a

19  different set of facts that apply to them and a different occurrence that leads to their as-applied

20  challenge. The Parties will have to have discovery and a trial which includes each of the separate

21  facts and decisions that lead to each alleged injury making this case at least 15 or 20 different

22  occurrences. Some Plaintiffs appealed their fines, some did not. All fines issued are separate

23  occurrences based on specific facts. Each business license decision to deny or approve a license is a

24  separate occurrence. Joining some of these claims might lead to more fairness and prevent unneeded

25  duplication, but it seems in this case the opposite is already true, even before considering the

26  addition of Mr. Pham. A jury would have a hard time remembering the factual and procedural

27  history of one individual Plaintiff, let alone the 15 that are already part of this case.

28

1    GLVSTRA, AIRBNB, the individually named Plaintiff's and Mr. Pham's claims do not stem

2    from the same occurrence. The only thing they share in common is that they are challenging short-

3    term rental laws. In *Saval v. BL Ltd.*, 740 F.2d 1027, 1031 (4th Cir. 1983), the Court held that

4    joinder was not proper for car warranty claims with similar defects because the cars were purchased

5    at different times, driven differently, and had different service histories. The court found it would

6    require a severance just to keep the facts straight. *Id*. at 1031. Similarly, here each individual

7    Plaintiff may claim a similar defect with the short-term rental laws, but each Plaintiff has a different

8    property, a different business license denial, a different set of facts which led up to each of their

9    fines, and a different history of administrative appeals and litigation in state court. It will likely

10   require a severance just to keep the facts straight. Plaintiffs might rather ignore the individual facts

11   of each situation and the specific nuisances that each Plaintiff caused with their illegal short-term

12   rentals, instead focusing on how Clark County should have issued licenses faster. However, Clark

13   County thinks it's important to see the facts of each case. A jury should be able to see how many of

14   the Plaintiffs took the law into their hands by operating without a license for years and thumbed their

15   noses at state court decisions that they lost. These factual and procedural issues should be able to be

16   discussed in detail by Clark County. But Clark County may be unable to adequately do so with so

17   many different sets of facts already in this case. Clark County is already prejudiced by Plaintiffs'

18   choice to join so many different occurrences. Mr. Pham's joinder would just worsen this prejudice.

19                              <u>**Conclusion**</u>

20       For the reasons above, Clark County asks that this Court deny Mr. Pham's Motion for a Joinder

21   Pursuant to NRCP 20(a)(1).

22       DATED this 27th day of August, 2025.

23                                      STEVEN B. WOLFSON
                                        DISTRICT ATTORNEY
24

25                                      By:*/s/ Timothy Allen*_____
                                            TIMOTHY J. ALLEN
26                                          Deputy District Attorney
                                            State Bar No. 14818
27                                          500 South Grand Central Pkwy.
                                            Las Vegas, Nevada 89155-2215
28                                          Attorney for Defendant
                                            Clark County

1

## CERTIFICATE OF SERVICE

I certify that I am an employee of the Office of the Clark County District Attorney and that on

this 27th day of August, 2025, I served a true and correct copy of the foregoing **Opposition to Motion**

**for Joinder Under FRCP 20(a)(1) (ECF #30)** through CM/ECF Electronic Filing system of the

United States District Court for the District of Nevada (or, if necessary, by U.S. Mail, first class,

postage pre-paid), upon the following:

Mark A. Hutchison, Esq.
Shannon R. Wilson, Esq.
HUTCHISON & STEFFEN, PLLC
Peccole Professional Park
10080 West Alta Drive, Ste 200
Las Vegas, NV 89145
*Attorneys for Plaintiff*
mhutchison@hutchlegal.com
swilson@hutchlegal.com
rghally@hutchlegal.com

AARON D. FORD
  Attorney General
Jessica E. Whelan, Esq.
  Chief Deputy Solicitor Gen.
Kyle J. Hoyt
  Sr. DA General
State of Nevada Office of the Attorney General
1 State of Nevada Way, Ste 100
Las Vegas, NV  89119
jwhelan@ag.nv.gov
khoyt@ag.nv.gov

Adam R. Tripiedi, Esq.
TRILAW
2520 St. Rose Pkwy., Ste 109
Henderson, NV  89074
*Attorneys for Movant*
*Bentley Pham*
adam@trilawnv.com

*/s/   Matilda Sanchez*
An Employee of the Clark County District Attorney's Office – Civil Division